# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| LUIS MANCILLA ARROYO, <br> Petitioner, <br> v. <br> U.S.P. LOMPOC. <br> Respondent. | No. 2:23-cv-08953-DDP-BFM <br> **ORDER TO SHOW CAUSE** |

## SUMMARY

This order concerns a habeas petition filed under 28 U.S.C. § 2241. Petitioner, Luis Mancilla Arroyo, is currently serving a sentence in federal custody. He alleges that, while in custody, he was subjected to an assault by a correctional officer. For what he is trying to accomplish, it appears that Petitioner has filed the wrong kind of suit: a § 2241 habeas petition challenges the legality of confinement and requests release from service of a sentence; it is not the proper way to file for a civil rights lawsuit to hold a federal officer liable for assault. Nor, given the differences between the two suits, does it appear that the case is an appropriate one for conversion. The Court orders Petitioner to show cause—to explain—why his Petition be dismissed without prejudice to

1    Petitioner raising his claims in a different kind of suit.

2

3                       **FACTUAL BACKGROUND**

4            On October 20, 2023, Petitioner Luis Mancilla *Arroyo* filed a Petition for

5    Writ of Habeas Corpus by a person in federal custody, pursuant to 28 U.S.C. §

6    2241. (ECF 1.) On November 20, 2023, the Court granted him leave to proceed

7    in forma pauperis—that is, without paying the $5 filing fee for a § 2241 petition.

8            Petitioner alleges that on May 5, 2023, he was assaulted by Officer

9    Espinoza, a correctional officer at USP Lompoc. Petitioner says that Officer

10   Espinoza started to search him, grabbed him, and slammed him into a wall. He

11   then took him down to the floor and he sustained a serious cut. Petitioner says

12   that, from there, he was taken to the SHU and held incommunicado for five

13   months. Petitioner later learned that Officer Espinoza was not supposed to be

14   in the search area, that he came to harass Petitioner personally. Petitioner

15   alleges that Officer Espinoza has been harassing him for months. (ECF 1 at 6.)

16           The court is required to screen all habeas petitions upon filing, and to

17   summarily dismiss "[i]f it plainly appears from the petition and any attached

18   exhibits that the petitioner is not entitled to relief in the district court." Rule 4,

19   Rules Governing Section 2254 Cases. Petitions brought pursuant to Section

20   2241 are subject to the same screening requirements. *See* Rule 1(b) (a district

21   court may "apply any or all of these rules" to any habeas petition); *see also Bostic*

22   *v. Carlson*, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's

23   dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).

24

25

26

27

28

**ANALYSIS**

Petitioner claims that he was assaulted by a federal correctional officer. It appears that Petitioner may have filed the wrong kind of claim. But before the Court recommends that his Petition be dismissed, the Court will give Petitioner a chance to explain why it should not be dismissed.

A habeas petition under § 2241 is appropriate where a person alleges that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). A habeas petition is not the right method to challenge conditions of confinement that do not relate to the legality or duration of confinement. *Pinson v. Carvajal*, 69 F.4th 1059, 1070 (9th Cir. 2023). Put more concretely, habeas jurisdiction is appropriate for claims that, if successful, would "necessarily spell speedier release" from prison. *Id.* at 1072 (citation omitted).

Here, Petitioner claims that he was assaulted. Such a claim is not generally appropriate for a habeas petition because it does not go to whether Petitioner can legally be required to finish serving his sentence. Instead, a claim that a federal employee had used excessive force is generally brought by way of a lawsuit pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), or through some other form of civil action.

The Court has the discretion to construe his flawed § 2241 filing as a civil suit alleging violations of constitutional rights—essentially, to treat this filing as if it had raised a civil rights claim. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971). The Court is not inclined to do so here, however, for several reasons. First, civil suits are subject to a more significant filing fee: $350, and not the $5 filing fee that applies to habeas petitioners. Even if Petitioner is granted in forma pauperis status, he will still be required to pay the "full amount of the filing fee" over time, at least as long as he in custody. 28 U.S.C. § 1915(b). And he would have to execute an authorization to have the $350 filing fee deducted

3

from his trust account over time.

Second, if the Petition were converted, the Court would be obligated to screen the converted Petition pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). If the converted Petition were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against Petitioner for purposes of 28 U.S.C. § 1915(g). Whether or not Petitioner wishes to risk that possibility, as well as incur the full filing fee, are decisions he should make, not decisions this Court can make for him.

Finally, there is no reason to believe that Petitioner has exhausted his administrative remedies, a prerequisite to filing a *Bivens* civil rights action. Nor has Petitioner alleged what remedy he is seeking in connection with his allegations, or alleged who the defendant in such a suit would be. All these problems suggest that the claim is not "amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief." *See Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016).

Thus, the Court believes it is appropriate to dismiss this Petition without prejudice. Petitioner could then decide whether he wishes to raise the subject-matter of the Petition by filing a *Bivens* claim in a properly submitted civil complaint. Before the Court makes that recommendation to the District Judge presiding in his case, however, the Court will give Petitioner an opportunity to address these concerns.

Accordingly, by no later that January 5, 2024, Petitioner shall file a response addressing the concerns raised in this Order and explaining why his Petition should not be dismissed. **If Petitioner no longer wishes to pursue this action, he may request a voluntary dismissal of the action pursuant to Federal Rule of Civil Procedure 41(a).** Doing so will not prejudice him

4

1   raising his claims in a properly filed suit.

2   The Court Clerk is directed to provide Plaintiff with a blank Central

3   District civil rights complaint form, and a blank notice of dismissal form.

4   Plaintiff is warned that, if he does not respond to this Order within the

5   deadline set by the Court (or seek an extension of that deadline, if he has a

6   good reason to do so), **the Court will recommend to the assigned District**

7   **Judge that the action be dismissed without further leave to amend**.

8

9   DATED: December 5, 2023

10   _____
      BRIANNA FULLER MIRCHEFF

11   UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5